CYRUS MANVEL, Respondent, v. HENRY HOLDREDGE, Appellant.

In consideration of the assignment to him by the plaintiff of an interest in a patent, the defendant bound himself to pay the plaintiff $1,000 before the end of the next year (1865) " or reassign the patent."—*Held*, the year having elapsed without payment, and the defendant having, a few days thereafter, on the money being demanded, offered to reassign, that no action would lie against him upon his obligation to recover the $1,000. By its terms, he had the option during the whole year to pay the price, and upon his failure to do so within that time, the plaintiff's only remedy was to compel the reassignment, or in case of refusal, to recover whatever might be its value.

(Argued February 24th, and decided March 21st, 1871.)

APPEAL from a judgment ordered by the General Term of the Supreme Court in the first district, upon a verdict for the plaintiff directed by the judge at the circuit for $1,099.25, the exceptions having been heard in the first instance by them.

The action was brought to recover the sum of $1,000 claimed to be due under the following letter or agreement between the parties:

" NEW YORK, *December* 14*th*, 1864.

" CYRUS MANVEL :

" Dear Sir.—I inclose an assignment of the one-fourth interest in patent No. 29,481, from yourself to me, for your signature. You will be required to affix a five cent stamp, and have a witness to your signature.

" In consideration of this assignment being made to me, I hereby bind myself to pay to you one thousand dollars ($1,000) before the end of next year, 1865, or to reassign the interest to you.

" H. HOLDREDGE."

Upon receipt of this letter, the plaintiff executed in due form the assignment inclosed, which was an assignment by him to the plaintiff of an undivided fourth interest in a certain apparatus for compressing gas. The plaintiff received the assignment, but did not, during the year 1865, pay the thousand dollars. On the 4th January, 1866, the plaintiff demanded the money, and it was refused and this action was brought. The defendant, at the time of the demand of the money, offered to reassign the patent, and the plaintiff refused to take it.

The defendant, after his motion to dismiss the complaint had been refused, offered to show that the invention patented was not new or useful, but had previously been known and patented; that the description in the letters patent was not sufficiently clear to enable an expert person to make the apparatus; that the invention was worthless and the patent void. These defences were set up in the answer, but the court excluded the proof, and directed a verdict for the plaintiff.

*Samuel Hand* (*E. N. Taft* with him), for the appellant.

*Amasa J. Parker, Jr.*, and *John C. Bushnell*, for the respondent.

Statement of case.

ALLEN, J. The contract of the defendant calls for the payment of $1,000, within the year 1865, or in default of such payment a reassignment of the patent. · There is no time fixed for the performance of the last alternative, and it follows that it must be done on request. Upon a failure to pay the money within the time limited, the plaintiff acquired the right to demand a reassignment of the patent, and if not reassigned he could recover the value of it, and if it was worth more than the sum agreed upon, the defendant would be compelled to pay the value. The plaintiff was not compelled to accept the money after the expiration of the year. During the year, the option was with the defendant, after that, the plaintiff had a right to insist upon the reassignment of the patent.

The defendant offered to reassign the patent, and this was all he was bound to do. The defendant had the whole year in which to pay the money, and his promise was that, if he did not make the payment within the year, he would on request reassign the patent. There was no breach of the contract, and the judgment should be reversed and a new trial granted, costs to abide event.

CHURCH, Ch. J., and FOLGER, RAPALLO and PECKHAM, JJ., concurred.

GROVER, J., was for reversal on the ground of exclusion of evidence as to the validity of the patent. PECKHAM, J., also thought this exclusion erroneous.

ANDREWS, J., took no part.

Judgment reversed.