JAMES F. WALLACE ET AL. v. JOHN BAHLHORN AND FREDE-
RICK BAHLHORN.

*Landlord and tenant—Lease.*

The fair construction of a lease for a term of one year from a given date, with the privilege of longer lease, if both parties are suited, for a term of eight years, reserving the right to sell part or all is that the lease should terminate upon a sale of the premises, or, if of a portion of them, as to the part sold.

Error to Wayne. (Chambers, J.) Argued November 10, 1887. Decided January 5, 1888.

Proceedings to recover possession of land. Defendants bring error. Affirmed. The facts are stated in the opinion.

*F. A. Baker* (*Albert Hosmer,* of counsel), for appellants.

*Palmer & Palmer,* for complainants.

MORSE, J. In this case a complaint was made before a circuit court commissioner to recover possession of a farm, situated in the township of Brownstown, Wayne county.

Complainants alleged the relation of landlord and tenant existing between the parties, and an unlawful holding by the defendants. Defendants pleaded not guilty. Upon a trial, the commissioner gave judgment for the defendants.

Upon appeal to the Wayne circuit court, Circuit Judge F. H. Chambers made the following findings of fact and conclusions of law, and entered.judgment for complainants :

### FINDINGS OF FACT.

"David Wallace entered into a contract in writing with defendants on the sixteenth day of December, 1879. The clause in dispute in this lease reads as follows: 'For the term of one year from the first day of April next, with the privilege of longer lease if both parties are suited (for a term of eight years, *reserving the right to sell part or all*).'

"That, under said contract, said defendants entered into possession of the premises therein described, and cultivated said farm, and paid the rent, in accordance with its terms, and have remained in possession of said farm ever since, and were holding the same at the commencement of this suit, to wit, April 7. 1887.

"David Wallace and his wife signed and executed a quitclaim deed of said premises to the plaintiffs, a copy of which deed is hereto attached, marked 'Exhibit B,' and delivered the same to the grantees, who were the plaintiffs in this suit, on the seventeenth day of November, 1886; and, at the same time, grantees paid David Wallace therefor the sum of three dollars, and promised to give their sympathy and good will to grantors. The grantees were nephews and nieces of grantors; said grantors had no children.

"That, after said deed was delivered to the grantees, and on the eighteenth day of November, 1886, plaintiffs James F. Wallace, Jacob Wallace, and Charles H. Crane, who were the agents of the other grantees, gave notice to defendants that they, the grantees, had bought and owned the farm on which the defendants were living; and that their lease or tenancy would terminate at the close of the year, which ended April 1, 1887; and that they would be required to surrender the said premises to them at that time.

"The defendants admitted that they were to leave the farm when it was sold; and agreed to move off from it in the spring. The defendants refused to quit or deliver up said premises at the close of the year, or in the spring; and the

grantees in said deed commenced this suit on the seventh day of April, 1887, to recover the possession of the premises described in said deed, which are the same as those described in said contract or lease of David Wallace to defendants.

"The court finds, also, that the defendants agreed that, if David Wallace sold said premises, such sale should terminate said lease. Said premises were sold by David Wallace to plaintiffs, and by said David Wallace and wife conveyed to them by said deed, 'B.'

"The court finds as conclusions of law:

"1. That the contract, of which Exhibit 'A' is a copy, was a lease of the premises therein described, for one year only, and a conditional contract for a future letting.

"2. That the holding over after the first year by the defendants, on the same conditions, and the acceptance of the rents by the lessor, constituted a tenancy at will, from year to year.

"3. That the notice given by the plaintiffs on the eighteenth day of November, 1886, terminated the defendants' tenancy and lease of said premises before the commencement of this suit, and the defendants were holding the same after the termination of their lease, when this suit was commenced.

"4. If the contract from David Wallace to defendants constituted a lease for eight years, under its conditions, said sale of said premises terminated it.

"The court therefore finds, from the facts as above stated, and the conclusions of the law as above set forth, that the plaintiffs are entitled to recover a judgment of restitution of said premises, and costs, against the said defendants.

"F. H. CHAMBERS, Circuit Judge.
*Detroit, July* 19, 1887."

The judgment entered in the case by the circuit judge is correct, and must be affirmed.

We think the fair construction of the lease is that it should terminate upon a sale of the premises, or [if of] a portion of them, as to the part of the farm sold. A sufficient sale is found by the court. It seems, also, from the findings of fact, that the defendants understood the lease as we construe it, and promised, when notified of the sale, to move off of the farm in the spring of 1887.

It is not necessary to discuss or decide the question whether

the instrument was a lease for the whole term of eight years, or nothing more than an agreement to execute a new lease for the longer term. As the court properly concluded, if it was an agreement to execute a lease, the defendants, at the time of the sale, were holding as tenants at will from year to year, and the notice to quit was sufficient.

The judgment of the circuit court for the county of Wayne is affirmed, with costs.

SHERWOOD, C. J., and CHAMPLIN, J., concurred. CAMP-BELL, J., did not sit.