[Civ. No. 4132.  Second Appellate District, Division One.—May 22,
1923.]

## H. R. GLENN, Respondent, v. TAKARA INOUYE, Appellant.

[1] LEASE—CANCELLATION—SALE OF PREMISES UNDER EXECUTORY CON-
TRACT—RIGHT OF LESSOR—CONSTRUCTION.—Under a provision giv-
ing the lessor the right to cancel the lease upon giving the les-
see sixty days' notice in writing, but providing that such notice
of cancellation "shall only be given in the event that the lessor,
its successors or assigns, intend to erect a new building on the
premises, or shall have disposed of said premises by sale or
ground lease," the lessor is entitled to cancel the lease upon the
sale of the premises under an executory contract of sale, not-
withstanding such contract reserves the title to the premises in
the vendor (the lessor) until the full amount of the purchase
price shall have been paid.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Collier & Labarere for Appellant.

J. Marion Wright for Respondent.

CURTIS, J.—This action was brought by H. R. Glenn, respondent, against Takara Inouye, appellant, to recover the possession of certain premises situated in Los Angeles, California, and held by appellant under a certain lease from the Alco Realty Company, a corporation, to appellant.

The Alco Realty Company, a corporation, on or about March 21, 1921, leased to Takara Inouye, the appellant herein, by a certain lease in writing, the premises described as "The two upper floors at No. 128 E. First street, Los Angeles, California," for the period of two years and six months from April 1, 1921, at a monthly rental of $250, payable in advance on the first day of each month of said term.

The said lease was accepted by the appellant, who thereupon went into possession of the leased premises under and by virtue of said lease, and still continues to hold and occupy the same. Appellant has paid the rental provided for in the lease and is not in default in the payment of rental. [1] The said lease contains the following clause:

"It is expressly stipulated and agreed by and between the parties hereto that one of the provisions for granting this lease is that the lessor may at any time upon sixty days' written notice to the lessee of its intention so to do, cancel this lease; provided, however, that the above notice of cancellation shall only be given in the event that the lessor, its successors or assigns, intend to erect a new building on the premises, or shall have disposed of said premises, or shall have disposed of said premises by sale or ground lease."

The Alco Realty Company, on or about February 25, 1922, entered into a contract in writing with H. R. Glenn, the respondent herein, whereby the Alco Realty Company, as seller, agreed to sell to H. R. Glenn, and the said H. R. Glenn, as buyer, agreed to buy the property involved in this action for the sum of $55,000, payable $15,000 upon the

execution of the contract, $5,000 on December 30, 1922, and the balance of $35,000 to be paid in installments of $500 per month with interest, title to remain in the seller until the full amount of the purchase price shall have been paid.

The title to the said premises still remains in the Alco Realty Company, the full purchase price as yet not having been paid.

After the execution of said contract between the Alco Realty Company and respondent, the Alco Realty Company, on or about February 27, 1922, caused to be served on the appellant a sixty-day notice of its intention to cancel appellant's lease, stating in said notice that "it was selling" the property to H. R. Glenn, the respondent.

The appellant continues in possession of the demised premises, claiming the right of possession under his lease.

The court rendered judgment in favor of respondent, declaring the said lease to be terminated, and ordered restitution of the demised premises to the respondent.

The sole point involved in this appeal is whether or not the contract of February 25, 1922, between the Alco Realty Company and the respondent, comes within the terms of the clause of the lease above set out, authorizing the lessor to terminate said lease upon sixty days' notice.

The appellant contends that only by a sale of said premises could the lessor acquire the right to cancel the lease by giving the notice, and that by "sale" is meant a contract by which the vendor transfers to the vendee the title to the property; that an agreement for the purchase and sale of the premises does not constitute a "sale" as contemplated by the terms of the lease, nor as defined by the laws of this state.

To again refer to the clause of the lease providing for the cancellation thereof we find "that the above notice of cancellation shall only be given in the event that the lessor, its successors or assigns, intend to erect a new building on the premises, or shall have disposed of said premises by sale or ground lease." While in this proceeding we are directly concerned with only that portion of said clause · which provides that notice of cancellation shall be given in the event that the lessor shall have disposed of said premises by sale, yet by reference to the whole clause above quoted we are enabled to ascertain the real intention of the parties

upon the subject of the cancellation of the lease. Reading
the whole clause we ascertain that the parties with some
considerable care provided that the lease might be canceled
in case the lessor decided to construct a new building upon
the premises or should dispose of the land by ground lease,
or should dispose of it by sale. It was the evident intent of
the parties to leave the owner free to sell said premises or
to erect a new building thereon, or to rent the ground
upon which the present building stood, unhampered by said
lease, but so long as the premises remained in the condition
in which they were at the date of the lease, the lessee should
occupy the same under the terms thereof. From the context
of the lease, there is nothing that would indicate to us that
the parties intended to restrict the lessor's right to cancel
the lease to an absolute sale of the same. It is true the word
"sale" is used by the parties, but by the use of this term
the parties may well have intended an agreement of sale as
well as an absolute sale. As was said by the court in the
*Estate of Goetz,* 13 Cal. App. 198 [109 Pac. 145] : "It is
true that in the contract in question the word 'sold' was
used, and that Chapman went into possession of the prop-
erty and wrecked some of the buildings. But it is conceded,
as of course it must be, that the word 'sold' does not con-
clusively show a present conveyance."

Again, in *Boardman Co.* v. *Petch,* 186 Cal. 476 [199 Pac.
1047], referring to the word "sale," the court says: "It is
not a word of fixed and invariable meaning. . . . It may
be given a narrow or broad meaning as may be indicated
by the context or surrounding circumstances. . . . "

In *Walti* v. *Gaba,* 160 Cal. 324 [116 Pac. 963], we find the
following language used by the supreme court: "It is true
that the writing states that 'I have this day sold, etc.,' but
the use of the word sold or the word bought does not always
import a present sale, but such words are frequently used
where the parties in fact intend only an agreement to sell.
(*Blackwood* v. *Cutting Packing Co.,* 76 Cal. 218 [9 Am. St.
Rep. 199, 18 Pac. 248] ; *Anderson* v. *Read,* 106 N. Y. 344
[13 N. E. 292] ; *McLaughlin* v. *Piatti,* 27 Cal. 458; *Elgee
Cotton Cases,* 22 Wall. (U. S.) 180 [22 L. Ed. 863, see, also,
Rose's U. S. Notes].) "

From these authorities we are satisfied that by the use
of the word "sale" in a contract the parties may intend

an absolute sale or an agreement of sale, depending in a great measure upon the context of the instrument in which it is used and the surrounding circumstances of the parties. We are satisfied that in the lease under consideration the parties thereto used the word ''sale'' to refer either to an absolute sale of the premises or an agreement to sell the same.

We might here call attention to a number of cases brought to recover broker's commissions upon the sale of real property, where the courts have invariably held that the broker has made a sale when he has merely secured an agreement from the purchaser to buy the property. (*Shainwald* v. *Cady,* 92 Cal. 83 [28 Pac. 101]; *Gunn* v. *Bank of California,* 99 Cal. 349 [33 Pac. 1105]; *Jauman* v. *McCusick,* 166 Cal. 517 [137 Pac. 254]; *United States Farm Land Co.* v. *Darter,* 42 Cal. App. 292 [183 Pac. 696].)

Appellants rely mainly upon the two cases of *Lewis* v. *Agoure,* 8 Cal. App. 146 [96 Pac. 327], and *Cross* v. *Ramdullah,* 274 Fed. 762. From an examination of these two cases we are of the opinion that neither of them can be considered an authority in support of appellant's contention. In the case of *Lewis* v. *Agoure, supra,* a lease had been entered into between the predecessors of the plaintiff and the defendant, containing a clause that the lease might be declared null and void at the option of the lessors in the event they should sell the leased property during the existence of the lease. They sold the property to one Wolff, who in turn sold the same to plaintiff. The lessors, Wolff and plaintiff, joined in a notice to the defendant declaring the lease canceled and demanding the possession of the property. The defendant refused to deliver possession of the property, contending that the option to cancel the lease could not be exercised because it was a collateral contract not running with the land, and the covenantees, having conveyed the property without exercising the right, they no longer had any interest in the premises, and could not give the notice provided to be given. The court held that the notice given was sufficient to terminate the lease, and the fact that the lessors no longer held the title was not material since the option was not to be exercised until a sale was made. The sale under consideration was an absolute sale and the

question as to the right of the lessors to cancel the lease under a mere agreement of sale did not arise in that case.

In *Cross* v. *Ramdullah, supra,* there were four leases, executed about the same time. They each contained a clause similar to that in the lease in the present case. After their execution a contract was entered into between the lessor and a third party named Obear, whereby the lessor agreed to sell the property to Obear for a consideration, $5,000 of which was to be paid in cash, and the balance of $53,029.40 in deferred payments. The title was to be free and clear of encumbrances excepting these four leases. In this case the court said: "From a careful scrutiny of these agreements it is obvious that it was not the purpose or intent of the parties to make a present sale of the lands, and, further, that it was neither their design nor purpose at any time to disturb the possession of the lessees, even in the event of a completed sale in pursuance of the agreements. Furthermore, it was problematical whether the agreements would ever terminate in a consummated sale by transfer of the title, but in any event the lessees were not to be disturbed, for they were expressly excepted from the assurance against encumbrances."

From this language it is evident that the court was of the opinion that whether the agreements between the parties contemplated a present sale, or merely an agreement of sale, that it was neither their design nor purpose at any time to disturb the possession of the lessees, and it, therefore, held that a notice given by the lessors to cancel the lease was ineffectual.

It is true that there can be found language in each of these decisions which would support the contention of appellant, but in our opinion this language was not necessary for the decision of the questions involved in either case, and, therefore, these cases cannot, in our opinion, be considered as authority upon the question before us.

We therefore conclude that the word "sale" in said lease, wherein it is provided that notice of cancellation shall only be given in event that the lessor shall dispose of said premises by sale, is used in its broad and general meaning and refers either to a present sale or an agreement of sale, and that the lessor, having entered into such an agreement of

sale and given the notice required by said lease for its cancellation, the rights of the defendant in said lease, or in or to the premises described therein, were thereby terminated.

The judgment appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.