DICKEL *v.* STATE LAND OFFICE BOARD.

1. ADJOINING LANDOWNERS—RESERVATION OF RIGHT OF ACCESS TO REPAIR WALLS—LAND CONTRACTS.

   In the absence of a reservation in land contract giving right of access to defendant adjoining landowner, the latter has no right to come upon plaintiff vendee's land to repair wall of building.

2. VENDOR AND PURCHASER—LAND CONTRACT—TITLE.

   Under a land contract the vendee gets the equitable title but the legal title remains in the vendor as security for the payment of the purchase price.

3. INJUNCTION—THREATENED TRESPASS—REPAIR OF WALL BY ADJOINING LANDOWNER.

   A plaintiff is entitled to an injunction against threatened trespass of defendant adjoining landowner who threatens to repair brick veneer wall of her two-story building by coming upon roof of plaintiff's one-story building, there being no intervening space between the structures.

4. ADJOINING LANDOWNERS—REPAIR OF OWN WALLS.

   In the absence of a grant or a cross or reciprocal easement for repair of building walls placed immediately up to the property line, the owner of an old two-story building with brick veneer wall may not go upon roof of one-story building on adjoining land to repair upper part of two-story wall.

5. SAME—CONSTRUCTION AND REPAIR OF WALLS BUILT AT PROPERTY LINE.

   When an adjoining owner builds a wall immediately up to the property line, he is required to make the construction and repairs entirely from his own side of the line, a cross or reciprocal easement for repair of walls built up to the property line not being implied.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted April 6, 1944. (Docket No. 46, Calendar No. 42,625.) Decided May 17, 1944.

Adequacy of other remedies as affecting right to an injunction, see 4 Restatement, Torts, § 938.

Bill by Lillian Dickel against State Land Office Board, Kate Fonger and others to restrain trespasses upon plaintiff's building.  Decree for defendants.  Plaintiff appeals.  Reversed and decree ordered entered for plaintiff.

*George D. Stribley,* for plaintiff.

REID, J.  This is a bill filed to enjoin an adjoining owner from coming upon the roof of plaintiff's building to repair defendant's wall.  Plaintiff and appellant, Lillian Dickel, is the owner, as vendee of the State land office board, of the north 44 feet of the east 80 feet of lot 8, block 219, in the city of Muskegon.  Defendant and appellee Kate Fonger is the owner of the adjoining lot on the north.  Defendant State land office board denies interest in the dispute between the other parties.

In 1929 or 1930 a one-story brick store building was built on plaintiff's lands, the north wall being even with the north line.  On Mrs. Fonger's land to the north there is a two-story frame store building with brick veneer on the sidewall, which was erected in 1891.  This wall had also been built flush with the line so that there is no intervening space between the two walls; defendant's wall being one story higher than plaintiff's wall.  Mrs. Fonger's wall is a wooden frame structure with brick veneer but the bricks were placed on edge and only prevented from buckling by square nails which were in common use 50 years ago.  These nails were driven into the framework and left extending so that when the bricks were placed on edge in mortar the nails and mortar keep the bricks from falling down.  In the lapse of time since the wall was constructed, moisture has penetrated, the nails have rusted out, and the mortar crumbled.  There is nothing now to prevent the exposed portions of the brick veneer

wall from falling down. During the severe windstorm of November 11, 1940, a large portion of defendant's wall above plaintiff's roof fell onto her roof, caused it to leak and resulted in damage to the room below from water running on the floor and soaking up the ceiling and partitions.

Defendants Leslie L. Fonger, Carlos Fonger, and Charles Fonger operate the two-story building of their mother, Kate Fonger. Mrs. Fonger told plaintiff that she expected to fix her wall without paying plaintiff's damages and said she expected to get permission from the fire chief to come upon plaintiff's roof for the purpose of fixing the wall. Later, it seems, her son was willing to give compensation to plaintiff for the damages that had occurred to plaintiff's property.

The exposed wall of Mrs. Fonger should be entirely torn down as there will always be danger of buckling even though there be temporary repairs. The construction was flimsy in the first place and has become more dangerous with deterioration.

If the Fongers had tendered full compensation for damage and protection against further loss and proceeded diplomatically in the first instance, possibly plaintiff would have granted the permission which she now refuses. Plaintiff does not seek damages except by way of prayer for other and further relief, but does ask that defendants be restrained from trespassing upon her property and, particularly, from using her roof to make repairs or for any other purpose.

Defendants Fonger do not claim the permission by the State land office board, the vendor, gave them any lawful right as against the board's vendee. No such reservation is in the contract.

"The vendee gets the equitable title, but the legal title still remains in the vendor, and is held as

security for the payment of the purchase price. Upon the payment in full of the purchase price, the vendee has the right to have a conveyance of the legal title." *Hooper* v. *Van Husan,* 105 Mich. 592, 597.

The fact that plaintiff is a land contract vendee gives defendant adjoining land owner no right to trespass on her land.

Plaintiff is clearly entitled to this injunction in view of the threatened trespass. The decree not only withheld from the plaintiff the injunction she sought but gave defendants Fonger permission to go upon plaintiff's roof and make the repairs to the wall. It further ordered a $100 cash bond to indemnify plaintiff against damages caused by making repairs. The decree also incorporated an injunction against plaintiff from preventing defendants Fonger from going upon her roof.

There is no right on the part of Mrs. Fonger or her servants to go upon plaintiff's roof. There is no cross easement between these owners of adjoining lands concerning entry upon the lands of the other for purposes of repairing a wall. No such cross or reciprocal easement is alleged, proved, found in the court's opinion, or recited in the decree. No decision is cited establishing any such easement and it is not implied from the construction of two walls at the property line.

When an adjoining owner builds a wall immediately up to the property line, he assumes, in general, the difficulties incident to his own construction and is required to make his construction and repairs entirely from his own side of the line. There is no party wall involved in this case.

The decree appealed from is set aside and vacated. The decree of this Court will provide for the injunction prayed for by plaintiff and will award to

her damages, as found by the trial court, in the sum of $178.25, with costs of both courts.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.