FOX *v.* ADRIAN REALTY COMPANY.

1. VENDOR AND PURCHASER—TITLE.

A vendee under a land contract takes only the equitable title to real estate, the legal title remaining in the vendor.

2. LANDLORD AND TENANT—CONTINGENT RENEWAL—SALE UNDER LAND CONTRACT.

Provision of lease granting lessee right to renew but rendering renewal clause inoperative in event the lessor should sell contemplates a sale under land contract as well as a sale and conveyance by deed.

3. SAME—CONTINGENT RENEWAL.

The contract sale of realty, subject to outstanding leases giving right to renewal contingent upon no prior sale of premises by

REFERENCES FOR POINTS IN HEADNOTES
[1] 55 Am Jur, Vendor and Purchaser, §§ 355, 356.
[2–4] 32 Am Jur, Landlord and Tenant, § 972.

lessor, prior to lessees' tender of rent and attempted renewal, rendered the contingent renewal provision inoperative.

4. SAME—RENEWAL—SALE UNDER LAND CONTRACT—RECORD.
   The recording by lessees of their notice of attempted renewal of a lease a few hours before purchaser of lessor interest recorded his land contract and deed did not give the lessees rights where they had actual notice of contract purchase several days prior to expiration of their lease and prior to their attempted renewal.

Appeal from Lenawee; Rathbun (G. Arthur), J. Submitted January 4, 1950. (Docket No. 43, Calendar No. 44,646.) Decided February 28, 1950. Rehearing denied April 3, 1950.

Summary proceedings by Henry G. Fox against Adrian Realty Company and others to recover possession of land. Judgment for plaintiff on appeal to circuit court. Defendants appeal. Affirmed.

*Robertson & Russell* and *Lawrence J. Hammond* (*Robert T. Bartlow,* of counsel), for plaintiff.

*Theodore A. Joslin,* for defendants.

NORTH, J. The inception of this litigation was a summary proceedings in which plaintiff as owner of a 3-story building in Adrian sought to dispossess defendants, who, as tenants, had occupied the 2 upper stories for approximately 7 years. On appeal to the circuit court, heard without a jury, plaintiff had judgment. Defendants have appealed.

In 1941, Lucretia D. Clark, then the owner of the property in suit, gave a lease of the 2 upper stories, with right of ingress and egress, to the Adrian Realty Company, a Michigan corporation. The lease was for a term of "7 years from and after the 1st day of August 1941," and contained the following provision:

"First party (lessor) grants to second party the right to renew this lease at its expiration for a like period upon like terms; providing, however, that this renewal clause shall be inoperative in event first party shall sell said building at the expiration of this lease."

The individual defendants, Mary H. Joslin, Theodore A. Joslin and W. Belmont Joslin, are assignees of the original lessee, the Adrian Realty Company. In November, 1946, Lucretia D. Clark sold this property on contract, "subject to all outstanding leases," to plaintiff and assigned to him her lessor's interest in the above noted lease. The contract provided for payment of $10,000 on the execution thereof and payment of the balance of the purchase price ($8,000) on August 1, 1948. Plaintiff fully performed his contract obligation, and received the deed of the property, dated August 2, 1948. The deed and the contract were recorded August 2, 1948. The contract had not previously been recorded. The deed was given by the executor of Lucretia D. Clark's estate, her demise having occurred March 6, 1947. While the reason therefor does not appear in the record, it seems that subsequent to plaintiff's purchase on the land contract, rents due from defendants were paid to the original lessor or to the executor of her estate, and presumably accounted for to plaintiff. So far as disclosed by the record defendants' first knowledge of plaintiff's purchase of the property came in a letter to defendants from the executor, dated July 18, 1948. In his letter the executor returned to defendants a check which was intended as a payment of rent for 3 months beginning August 1, 1948; stated that defendants' lease would expire "at the end of this present month of July, 1948," and that: "The renewal clause in the lease is inoperative because of the sale of the property." Also, on July 24, 1948, plaintiff in writing

advised defendants of his contract purchase and gave defendants the following notice:

"You are hereby notified that upon the expiration of your lease to the second and third floors of the building on said premises (above described) on August 1, 1948, I will require possession of said premises on said date and demand is hereby made for the possession thereof on said date.

Yours truly,<br>Henry G. Fox."

Thereafter and on July 31, 1948, defendants in writing notified plaintiff of their election to renew the lease for another term of 7 years and tendered the rent for the next ensuing quarter. The tender of the rent was promptly rejected by plaintiff.

The first question presented by appellants is: "Does the making of an executory land contract constitute a sale?" It is appellants' position that it does not. If, as applied to the circumstances of this case, the entering into a land contract by Lucretia D. Clark with plaintiff in November, 1946, did constitute a sale, then the contingent right of renewal in defendants' lease became inoperative.

"A conditional sale by a lessor disposing of leased property upon receipt of a substantial part of the purchase price, is a 'sale' notwithstanding title did not pass, within the clause in the lease authorizing its termination on 60 days' notice in case of a sale, where the transaction was *bona fide.*" *Druxinman* v. *Smith* (syllabus), 113 Wash 124 (193 P 224).

"A lease contract for the rent of a farm, made subject to sale of said property before a specified date, was made ineffective by a contract for sale thereof executed prior to that date, although deed was not actually delivered until a subsequent date." *Travelers Ins. Co.* v. *Gibson* (syllabus), 133 Tex 534 (130 SW2d 1026).

To the same effect, see *Sutherland* v. *Goodnow,* 108 Ill 528 (48 Am Rep 560); *Luse* v. *Elliott,* 204 Iowa 378 (213 NW 410), and *Glenn* v. *Inouye,* 62 Cal App 259 (216 P 418). As being somewhat in the pertinent field of law, although not fully in point, see *Wallace* v. *Bahlhorn,* 68 Mich 87.

We are cognizant of our former holdings to the effect that under a land contract the vendee takes only the equitable title, the legal title remaining in the vendor. *Barker* v. *Klingler,* 302 Mich 282; *Dickel* v. *State Land Office Board,* 308 Mich 614. But we are of the opinion and hold that the expression "in event first party shall sell," as used in the renewal clause of defendants' lease, contemplates a sale on land contract as well as a sale and conveyance by deed. Hence, the contract sale of this property to plaintiff, which, subject to defendants' lease, gave plaintiff the right to possession and which was prior to defendants' tender of rent and attempted renewal, rendered the contingent renewal provision in the lease inoperative. Thereafter the renewal clause in defendants' lease was not binding on plaintiff as the assignee of Lucretia D. Clark, the original lessor. Further, defendants acquired no rights by recording notice of their attempted renewal a few hours before plaintiff's deed and contract were recorded. Defendants had actual notice of plaintiff's contract purchase several days prior to the expiration of their lease and prior to their attempted renewal.

The judgment entered in the circuit court is affirmed, with costs to appellee.

Boyles, C. J., and Reid, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.