[No. 7,422.—Department One.]

## ANTONIO LATAILLADE v. SANTA BARBARA GAS COMPANY.

COMPLAINT—PLEADING—JUSTICE'S COURT.—The complaint in this case (set out below) *held* to be sufficient.

LANDLORD AND TENANT—ESTOPPEL.—The defendant upon the facts found *held* to be estopped to deny the title of the plaintiff.

APPEAL from a judgment in the Superior Court of Santa Barbara County. HEACOCK, J.

This action was originally brought in the Justice's Court by filing the following complaint: "Complaint.—Santa Barbara, October 20th, 1879. The Santa Barbara Gas Co. Dr. To Maria Antonia Lataillade. To balance due on rent of land, two hundred and fifty dollars. Endorsed—Filed October 20th, 1879. R. D. Smith, Justice of the Peace." The defendant answered, denying each and every allegation of the complaint, and alleging that it had never leased any land from the defendant, and that it was the owner in fee simple of all lands that it used. The Court found that on June 10th, 1873, the Town of Santa Barbara granted certain land to the plaintiff and another, and that on the 24th day of May, 1878, her co-tenant conveyed his interest to her, that in the year 1875, the defendant asked for and obtained permission from the plaintiff to lay down its gas-pipes beneath the surface of the earth across and through the said land, agreeing with the plaintiff to pay monthly for such use of the premises such monthly rent or sum as it should be reasonably worth; that in pursuance of such agreement the defendant entered upon the premises of the plaintiff and laid down its gas-pipes across and through the same, the pipe being from

eighteen to twenty-four inches beneath the surface of the earth; and that such use and occupation of the premises is reasonably worth one dollar and fifty cents a month.

*Charles E. Huse*, for Appellant.

As the judgment is for thirty-six dollars, the court must have allowed to the plaintiff as rent, one dollar and fifty cents per month for twenty-four months; but as she was the owner of only one half of the land prior to May 24th, 1878, she was entitled to only one half of one dollar and fifty cents prior to that date. The complaint is dated October 20th, 1879. This is only one year and five months after she acquired title to the other half of the land. But the Court has given her full rent, instead of half of the rent, during the seven months of the period of twenty-four months, while she was the owner of only one half of the land. The judgment is therefore one half of seven twenty-fourths too large, being an excess of five dollars and twenty-five cents.

*Richards & Boyce* and *C. Gray*, for Respondent.

The judgment should have been for a much larger amount. The defendant occupied the premises for four years under the agreement, and deducting the five dollars and twenty-five cents claimed by counsel to be in excess, plaintiff should have had judgment for sixty-six dollars and seventy-five cents.

The COURT:

The complaint filed in the Court of the Justice of the Peace was sufficient to uphold a judgment by the Justice, and sufficient in the absence of special demurrer to sustain the judgment of the Superior Court. (*Carroll* v. *Carghill,* 4 Cal. 121; *O'Callahan* v. *Booth,* 6 id. 63; *Leining* v. *Gould,* 13 id. 598; *Stuart* v. *Landers,* 16 id. 372; *Watson* v. *Whitney,* 23 id. 375.) As defendant entered by permission of plaintiff, he is estopped from denying her title. (*Tewksbury* v. *Magraff,* 33 Cal. 237; Bigelow on Estoppel, 350 and 381.) The judgment is for thirty-six dollars. Appellant argues with some elaboration (but we are not completely convinced) that this is about five dollars too much.

Judgment affirmed.