JED. H. GRIFFIN, Respondent, *v.* WILLIAM BARTON, Appellant.

(County Court, Franklin County, December, 1897.)

1. Summary proceedings — Petition by grantee of life tenant.

An allegation contained in a petition, made the basis of summary proceedings to dispossess a tenant, stating that the petitioner became the owner of the premises in question by a deed from a life tenant of them, and that the defendant was in possession under an alleged agreement for hiring made with the life tenant, is sufficient to establish the relation of landlord and tenant between the immediate parties to the proceeding.

2. Same — Cannot be based on notice to quit, served by grantor after delivery of deed.

A grantee of leased premises cannot maintain summary proceedings based on a notice to quit, served on the tenant by his grantor, after the delivery of the deed.

3. Juror — Competency — Opinion.

A juror who has formed an opinion is competent to serve where he states that, notwithstanding his existing opinion, he can render a verdict in accordance with the evidence given.

4. Summary proceedings — Verification of petition.

A verification of a petition, made to institute summary proceedings, which alleges that the petition is true to the knowledge of the deponent "except as to the matters therein stated upon information and belief" is insufficient to confer jurisdiction.

SUMMARY proceedings to remove tenant on the ground that he holds over without permission of the landlord after expiration of his term.

J. P. Kellas, for appellant.

G. H. Main, for respondent.

BEMAN, J. These summary proceedings were instituted to recover possession of certain lands and premises described in the petition herein.

The petitioner, Jed. H. Griffin, respondent in this action, filed his petition with W. E. Hyde, a justice of the peace of the town of Moira, on the 27th day of March, 1897. The petition was verified under the form in use for the verification of pleadings in courts of record before the adoption of the present Code of Civil Procedure, and is as follows:

Jed. H. Griffin, being duly sworn, deposes and says, that he is the petitioner named in the above and foregoing petition; that the foregoing petition is true to the knowledge of deponent, except as to the matters therein alleged to be stated upon information and belief, and as to those matters he believes it to be true.

JED. H. GRIFFIN.

Sworn to before me this ——
day of March, 1897.

W. E. HYDE,
*Justice of the Peace.*

Upon such petition the magistrate issued his summons, directing the tenant, William Barton, to remove from said premises forthwith, or to show cause before him on the 31st day of March, 1897, at ten o'clock in the forenoon, why the possession of said premises should not be delivered to the landlord, the above-named respondent. That on said 31st day of March, defendant (appellant) appeared before said magistrate specially and moved for the dismissal of the proceedings upon the following grounds:

First. That the petition does not conform to section 2335 of the Code of Civil Procedure.

Second. That the application is not made by any of the persons designated in said section.

Third. That said petition does not state facts sufficient to give jurisdiction to the justice.

Fourth. That the petition does not state the facts constituting or pretending to constitute the interest of the petitioner in said premises.

Fifth. That the petition is not verified as required by law.

Sixth. That the sworn petition shows that the notice claimed to have been served upon defendant was null, nugatory and void in

County Court, Franklin County, December, 1897. [Vol. 22.

that it was signed and given in behalf of one Mary Patten who, it appears from said petition, had no title to or interest in the premises at the time of the giving of said notice, namely, January 28, 1897.

Seventh. That the petition does not show that the justice had or ever acquired jurisdiction to issue the precept.

Eighth. That the petition does not show the continuation of a tenancy after March 1, 1894, nor does it show the kind or nature of any tenancy supposed to exist at the time of the application for precept.

Ninth. That the petition does not show that the relation of landlord and tenant exists between Griffin and Barton.

These objections were all overruled by the magistrate and the proceedings were adjourned until the 5th day of April then next. On the 5th day of April said case was called, all parties appearing, and defendant's motion to dismiss was then by the justice denied, whereupon defendant filed his answer as follows: First. He denies that he is holding over possession of the premises described without the permission of his landlord. Second. Denies that any notice of the termination of the supposed tenancy has been served upon him by his landlord or any other person authorized to give the same. Third. For a further and affirmative defense the defendant (tenant) alleges that he holds possession of said premises by virtue of the written lease set forth in the petition, the tenancy under which will not expire until March 1, 1898. Fourth. For a further defense defendant (tenant) alleges that he occupies said premises under a lease referred to in said petition, and which said lease was yearly renewed by said Mary Patten, for each of the succeeding years after March 1, 1894, and until March 1, 1898.

The answer was properly verified under the provisions of the Code of Civil Procedure.

Thereupon said magistrate, upon the request of the defendant, immediately issued a venire and a jury was summoned, from which six jurors were drawn who heard the case and thereafter rendered a verdict, among other things, that said tenant holds over after the expiration of his lease without the permission of his landlord, and that plaintiff is entitled to immediate possession of the premises.

The defendant appeals.

Mary Patten was the owner of a life estate involved in this proceeding. On the 16th day of January, 1897, she conveyed all of

her right, title and interest in the premises to the plaintiff, who, at that time, became the owner and succeeded to all of her rights in and to the property. Prior to that time a lease had been executed by and between the defendant Barton and Mary Patten for the occupancy of said premises for the period of five years. The terms and conditions of which lease were that either party might terminate the tenancy created by said lease by giving to the other party thirty days' notice of his or her intention so to do, previous to the expiration of any year subsequent to the first year. The lease being still in existence and binding upon the parties at the time of the conveyance to the plaintiff, the relationship of landlord and tenant was created between the lessee, William Barton, and the plaintiff, and was in existence at the time of the commencement of these proceedings.

This position is well sustained by the weight of authorities in this state, and the allegation in the petition in proceedings summary, for the removal of a tenant, that petitioner became the owner of the premises by deed from a person (naming him), and that defendant was in possession as tenant under an alleged agreement for the hiring with such person, the plaintiff's grantor, is sufficient to establish such relation. Earle v. McGoldrick, 15 Misc. Rep. 135.

If this be so, then the plaintiff, Jed. H. Griffin, was in a position to legally begin proceedings for the removal of a tenant from the premises conveyed to him. To do this he must first establish the fact that the thirty days' notice to quit, mentioned in the original lease, had been properly served upon the tenant, for without proof of the service of such notice such action would be premature, the justice would acquire no jurisdiction, and the proceedings for the removal of the tenant would necessarily be without authority, inoperative and void. Service of the notice was a condition precedent, the performance of which rested with the plaintiff. McDonald v. McLaury, 43 N. Y. St. Repr. 512. It is claimed by plaintiff that a notice was served upon defendant William Barton, in accordance with the terms and provisions of said lease, but it appears from the evidence that while the deed of conveyance to the plaintiff of the premises was delivered to him on the 16th day of January, 1897, such notice was only given by Mrs. Patten to the defendant on the 27th day of January of the same year, some ten days and more subsequent to the time of the transfer of all of her right and interest in the property to the plaintiff. Thus it appears that her said notice was given for the purpose of complying with the terms

of the original lease, but that the person so giving it had previously parted with her rights to the property and all her interest in and to the same, and hence had become and was a stranger to the subsequent transactions. I cannot conceive how it can be possible to assume that Mrs. Patten, under such circumstances, could have given any notice to the defendant which would have been a legal notice to quit under the statute, or that would in any manner be obligatory or binding upon defendant, or of which the plaintiff could possibly derive any advantage. Such a notice would be without authority, would carry with it no force and would create no obligation. The owner alone had a right to institute these proceedings, and the owner only should have given the notice to defendant Barton, contemplated by the original lease. He might have done this, and had he done so, without doubt these proceedings would have been proper and regular in that regard. People v. Anderson, 52 N. Y. 448; 12 Wend. 234. But, inasmuch as it appears that no notice was served upon Barton, as provided in the lease, but that the plaintiff relied solely upon the notice claimed to have been given by Mrs. Patten to Barton, the foundations were not legally laid upon which the magistrate could issue a precept requiring the defendant to remove from the premises. Such proceedings cannot be instituted by the original lessor of the property after such lessor has parted with the title to the premises. Miller v. Levi, 44 N. Y. 492; Boyd v. Sametz, 17 Misc. Rep. 728.

I shall not attempt to discuss at great length all of the other objections raised by the defendant, but it is proper that I note in passing the vital questions which bear upon the legality of this proceeding, and which, in my judgment, should be controlling.

The Code of Civil Procedure, section 2235, declares in specific terms who may be a party plaintiff to proceedings of this character, and as I have stated, plaintiff, as purchaser or owner of the premises, had a right to institute them, but in order to sustain them and confer jurisdiction upon the magistrate to issue an order for the removal of tenant upon the termination of the trial, all of his proceedings, from the beginning to the finish, must be strictly in compliance with the statute. Proceedings like these have always been held to be in derogation of common law, and in order that a party should not become a trespasser great care should be exercised, not only by the litigant but by the court, that every step taken in such proceedings should come within the provisions of the law which creates the remedy and authorizes the acts sought to be performed

under it.    Coatsworth v. Thompson, 5 N. Y. St. Repr. 809, and cases cited.

The defendant could not be legally removed from the possession of said premises without due process of law.    This is not only a statutory safeguard but a constitutional right.

The prerequisites of such a proceeding as this are:    First. The petition duly verified, which should show that the plaintiff comes within the provisions of the Code and has a right to institute them. Second. The trial should be conducted with all legal formalities and with due regard to the statute in such case made and provided.

As to the second proposition.    When a jury trial is had the selection of the jury should be made with great care, especially as to the .competency of the individual juror to sit and render an impartial and unbiased verdict.    It would seem that in this case some of the jurors were permitted, after objection thereto, to enter the jury box and sit upon the trial of this issue, who testified upon challenge that they had ".formed an opinion," " had expressed an opinion," and " that it would require evidence to remove such an opinion from their minds."    Such unqualified conditions as those at one time operated as a disqualification of a juror, for no juror should be considered competent who possesses a well formulated opinion, previously obtained, as to the merits of the case in an action he may be called upon as a juror to try.    That is well-settled law and needs no comment, but the Court of Appeals has, on several occasions; held that where it appears from the juror's own statement that, notwithstanding such a previously formed opinion, he could enter the jury-box, sit in the case, try the action and an impartial verdict render according to the evidence, notwithstanding such an opinion he is not rendered incompetent.    It is a question of fact after challenge and trial of a juror as to his competency, and in this case it appears from the evidence that the jurors admitted by the court under the objection of defendant's counsel were not disqualified.    136 .N. Y. 71; 138 id. 595; 103 id. 497; 109 id. 351; People v. Carpenter, 102 id. 238; People v. Willson, 109 id. 345.

The rule which formerly existed under authority of the case reported in 16 N. Y. 501 (Canceim v. People), has long since been modified by the doctrine laid down in the cases above cited.

Before the argument of this appeal an application was made to this court (in this case) for an order requiring the justice before

whom the same was tried to make and file an amended return therein, adding to the jurat attached to the original petition the date upon which the same was claimed to be sworn to. Such motion was denied upon the ground that it was immaterial and unnecessary, that if material that such date be inserted in the petition the insertion thereof at that stage of the proceedings would not cure a defect if such an omission were a defect.

From the order denying the motion for such amended return the plaintiff appealed, and the Appellate Division sustained the decision of this court. In the opinion written upon such appeal by Mr. Justice Herrick he does not touch upon the question raised by the defendant that the petition was not verified according to law. It is clear to my mind from the language of the learned justice delivering such opinion, that he did not consider that question to its fullest extent and in all its bearings. The Code of Civil Procedure requires that such petition be verified in form and manner as pleadings are verified in courts of record. The verification to the petition in this case does not comply with the provisions of the Code of Civil Procedure, section 2235, nor the rules of practice of this court. Marchand v. Haber, 16 Misc. Rep. 320; Williams v. Eulhane, 22 N. Y. St. Repr. 42.

I am inclined to think that the defective verification attached to the petition, and to which objection was raised by the defendant before the commencement of the trial, was a fatal error, but I do not give such objection and error prominence in the consideration of the vital questions involved in this appeal, for it is my opinion that there are palpable mistakes, equally, if not more important, entering into the whole transaction, and which standing alone would be amply sufficient to justify the action of this court in reversing the judgment of the court below, namely: First. The want of notice provided for by the lease; and, second, the admission of the testimony of Mrs. Patten offered for the purpose of establishing the service of a notice. If offered for such purpose only, her testimony was immaterial and hearsay, and it was error on the part of the magistrate to allow the same to remain in his minutes after a motion had been made by the defendant's counsel to eliminate the same therefrom. The motion should have been granted and the evidence stricken out. If such evidence was not objected to when offered and received, the defendant was not precluded from making a motion to strike it out, if such motion was made at any time during the trial and before the case had been submitted to the jury.

Upon a careful examination of all of the cases cited by the plaintiff I do not find that his contention is sustained by the important case reported in 17 Misc. Rep. 728 (Boyd v. Sametz), except in so far as it holds by analogy that these proceedings may be maintained by the grantee of the lessor. In other respects it sustains the theory of the defendant.

From the foregoing considerations, it is my opinion that the verdict of the jury was contrary to law, and that the order made by the magistrate for the removal of the tenant was improperly granted; therefore, the judgment should be reversed, with costs, and it is so ordered.

Judgment reversed, with costs.