## Fred Griesheimer v. Fred Bothman.

1. EVICTION—*Defined.*—The term eviction was formerly used to denote an expulsion by the assertion of a paramount title and by a process of law, but it is now applied to every class of expulsion.

2. LANDLORD AND TENANT—*Action of Tenant Kept Out of Possession by One Holding the Paramount Title.*—If a sub-tenant is kept out of possession by one holding the paramount title, the lessee may have an action. The measure of damages in such cases is not limited to nominal damages. The lessee is generally allowed to recover the value of the term over and above the rent reserved and unpaid, or to accrue, together with other damages naturally resulting from the breach.

Debt, on a lease, for breach of covenant. Appeal from the Circuit Court of Cook County; the Hon. MARCUS KAVANAGH, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed January 30, 1903.

**Statement.**—This is an action in debt on a lease for breach of covenant for quiet possession. The lease was executed by Fred Griesheimer to Fred Botham July 2, 1897, of store and basement, number 39 Clark street, term to commence August 1, 1897, and terminate August 30, 1900, at a monthly rental of $175, payable in advance, except for August rent, which was made payable at the time of the

execution of the lease; and therein defendant warranted that he had good right and title to make said lease and that plaintiff might hold the premises for said term in quiet enjoyment. Fred Griesheimer, appellant, held these premises as lessee from his lessors, Adsit and others, to be occupied for a clothing business, under lease running from November 19, 1894, to April 30, 1900, with a covenant not to underlet without the written consent of lessors. Plaintiff below, in his declaration, avers that Griesheimer did not have the right to sub-let said premises; that Adsit and others had paramount title as against the right of Griesheimer to execute such lease; that after the execution thereof Adsit and others, July 9, 1897, filed a bill of complaint praying for injunction against both Griesheimer and Botham, and on August 11, 1897, the court entered an order directing Griesheimer not to allow Botham to occupy said premises, and on September 17, 1897, made said order permanent, and that since August 11, 1897, Botham has been prevented from occupying same, and has suffered damages in a large sum.

Issues were joined and a trial had resulting in a verdict for plaintiff in the sum of $350.

B. M. Shaffner, attorney for appellant.

E. S. Cummings, attorney for appellee.

Mr. Justice Burke delivered the opinion of the court.

The propriety of a finding in this case that Mr. Griesheimer is liable to his tenant is not questioned; but it is insisted that under the evidence and the law applicable thereto only nominal damages ought to have been recovered. Botham was evicted from the premises by the paramount title of Adsit and others. Appellant claims that the eviction of Botham did not take place through the fraud or willful acts of himself and that therefore only nominal damages should have been recovered.

It is insisted that there is a material distinction in cases of eviction by paramount title and those resulting from the fraud or willful acts of the lessor.

Botham moved his furniture and fixtures into the store in July, 1897, at a cost of $15. He paid $23.83 for plumbing, $38 for signs, $27.66 for carpenter work and $175 as rent for August and had a watchman in the premises for several days.

Owing to the conflict in the evidence the case was one for the jury and the issues have been found for the plaintiff. Through the lease of July 2, 1897, Griesheimer demised to Botham, by written lease, the premises in question and therein covenanted that he had good right and title to make such lease and that Botham, the lessee, might hold and occupy the premises in quiet enjoyment for the term therein provided. Harms v. McCormick, 132 Ill. 104.

Botham was evicted under the order for injunction issued against him August 11, 1897, and thereby the covenant of quiet enjoyment contained in the lease to him from Griesheimer was broken.

Adsit and others asserted and enforced through the process of the law a title paramount to the title of Griesheimer. The term eviction was formerly used to denote an expulsion by the assertion of a paramount title and by a process of law, but it is now applied to every class of expulsion. 11 Am. & Eng. Ency. of Law (2d Ed.), p. 458.

In this case it is contended on the part of Botham that before accepting his lease he had not been informed and was not aware that Griesheimer did not have the right to sub-let to him. On the other hand, Griesheimer claims that before signing the lease he informed Botham that the lease from Adsit contained a clause restraining the sub-letting without Adsit's consent and that Botham stated that he would accept the lease and take his chances. It however appears that subsequent to all of said negotiations, a written lease was executed by the parties thereto which contained a covenant on the part of Griesheimer that he had a good title and that Botham should have the quiet enjoyment of said premises.

If a sub-tenant is kept out of possession by one holding the paramount title, no doubt the lessee may have an

action. The measure of damages in such cases is not limited to nominal damages. Gazzolo v. Chambers, 73 Ill. 75.

We understand the rule laid down in New York and followed in Pennsylvania to be that where the eviction was under a title paramount and the lessor acted in good faith in the letting, only nominal damages could be recovered. This doctrine, which on its face shows inadequacy of the compensation awarded the tenant, has not, however, been followed as a general rule, and the lessee has generally been allowed to recover the value of the term over and above the rent reserved and unpaid or to accrue, together with other damages naturally resulting from the breach. 18 Am. & Eng. Ency. of Law (2d Ed.), 628; Dobbins v. DuQuid, 65 Ill. 464.

In the case at bar and not as in Dobbins v. DuQuid, *supra*, the lessor, Griesheimer, had not forgotten that he had no right to sub-let, but admits that he knew that the Adsit lease contained a clause preventing him leasing the premises without the written consent of the lessors. Nevertheless, knowing full well that in making the lease to Botham he was doing what he had no right to do, he stated in writing and covenanted that he had good right to do what he admits he had no right to do. If, as he insists, he had, prior to the signing, made a different agreement with his lessee, it was his privilege and duty to have incorporated that agreement into the covenants and conditions of his lease to Botham.

Regardless of the rule as to the measure of damages in case of eviction by the paramount title, we are of the opinion that under the evidence in this case the plaintiff, Botham, was entitled to recover as damages naturally flowing from the breach assigned, the items of charge for moving and other incidental expenses. The verdict in this case is extremely moderate, the main item thereof being the advance rent for the month of August paid by the plaintiff, though restrained from occupying the premises. It would necessarily extend this opinion to comment upon the instructions given, but we are satisfied that they do not

contain error sufficient to work reversal of the case.   It is urged by appellee's counsel that the sole ground of complaint, namely, excessive verdict, was not stated in the trial court and is presented here for the first time.   If the grounds for a new trial were stated in the written motion for a new trial and an excessive verdict was not mentioned, we would not consider such ground here; but the record is silent as to this portion of the proceedings and we have therefore elected to consider the merits of the case.

The judgment of the Circuit Court is affirmed.