[Civ. No. 476.   Second Appellate District.—April 21, 1908.]

JOSEPH F. LEWIS, Respondent, v. PIERRE AGOURE, Appellant.

LEASE—OPTION TO CANCEL UPON SALE—TERMINATION AFTER SALE.— Where a lease gives to the lessors the option to cancel the lease in the event of a sale, under terms specified, a notice given by the lessors jointly with purchasers, to whom the right of the lessors in the lease had been assigned, conforming with the terms agreed, was sufficient to terminate the lease on the part of the lessors as provided in the lease; and the fact that the lessors no longer held the title was not material, since the option was not to be exercised until a sale was made.

ID.—ABSENCE OF WAIVER OR LACHES.—*Held,* that, under the circumstances of the case, there was no waiver of the option, and no laches to defeat the right to claim it.

ID.—ACTION BY OWNER TO QUIET TITLE.—After the cancellation of the lease had become effective, the owner of the property, who had previously acquired the title, was properly allowed a decree quieting his title against the lessee, in whom no right remained.

APPEAL from a judgment of the Superior Court of Ventura County, and from an order denying a new trial. Felix W. Ewing, Judge.

The facts are stated in the opinion of the court.

Clarke & Farrand, Wellborn & Wellborn, Chas. S. Burnell and Charles E. Haas, for Appellant.

I. W. Stewart, and Orestes Orr, for Respondent.

TAGGART, J.—Action to quiet title against tenant in possession of real property under lease claimed to have been canceled. Judgment for plaintiff and defendant appeals from judgment and order denying motion for a new trial.

Plaintiff holds title in fee simple to about eight thousand acres of the Rancho Guadalasca, situate in the county of Ventura, acquired by him from M. L. Wolff *et ux.,* by deed dated February 27, 1906. Wolff acquired title from Sarah Sloss and Hannah Gerstle by deed dated February 19, 1906. On

the twenty-first day of August, 1905, said Sarah Sloss and Hannah Gerstle executed to defendant (who was then in possession of said premises under a prior lease), a lease of said lands for the term of three years, from January 1, 1907, to December 31, 1909, at an annual rental of $3,000, payable semi-annually in advance. This lease contained a stipulation that the lease might be declared null and void "at the option of the parties of the first part, in the event that said parties of the first part shall sell the within described property or any portion thereof at any time during the existence of this lease." Upon cancellation of the lease the first parties agreed to pay to the second party, if canceled during the first year, $1,000, if during the second year, $750, and during the third year $500. In the event of such cancellation, "the party of the second part agrees to vacate the premises herein demised within ninety (90) days after receipt of written notice from the parties of the first part."

In addition to the deeds mentioned, the lessors (Sloss and Gerstle) assigned the lease and their rights thereunder by indorsement to Wolff, and Wolff transferred his right therein to plaintiff in the same manner. On June 1, 1906, plaintiff notified defendant orally that he would cancel the lease and want possession of the premises on January 1, 1907. On or about July 1, 1906, defendant paid to plaintiff the last semi-annual installment of rent due on the "prior lease," at which time plaintiff advised defendant he need pay only $500, and suggested that he retain the other $1,000 in consideration of the cancellation of the lease, to take effect on the first day of January following. Defendant declined to do this and paid the $1,500 in full.

On December 6, 1906, plaintiff served on defendant a written notice signed by Sarah Sloss, Hannah Gerstle, M. L. Wolff and himself, declaring the lease canceled under the option above mentioned and demanding possession of the premises, and, on the twenty-first day of December, 1906, tendered to defendant the $1,000 provided to be paid upon cancellation of the lease. The latter refused to receive the money, and also refused to deliver possession of said lands to plaintiff; hence this action.

Appellant contends that the option to cancel the lease cannot be exercised because it was a collateral covenant and not

lone running with the land, and the covenantees having conveyed the property without exercising the right, they no longer had any interest in the premises and could not give the notice provided to be given. (Citing *Griffin* v. *Barton,* 22 Misc. Rep. 228, [49 N. Y. Supp. 1021] ; *Wheeler* v. *Dascomb,* 3 Cush. (57 Mass.) 285.) Furthermore, that even if the parties to the lease intended to create a covenant to run with the land, the effort was ineffectual, as such a covenant could not be created by agreement of parties, the law having declared that only certain enumerated covenants shall run with the land. (Civ. Code, sec. 1460 et seq.

The rights of the parties under the lease must be determined by their intentions and purpose in making it and in entering into its respective covenants, if such purpose were not illegal nor in contravention of public policy. The evident purpose of the clause in the lease in question was to confer upon the lessors, upon sale of the premises, the right to deliver possession to the purchasers. The option could be exercised only in the event of a sale. Not until the sale had been consummated could the lessee be compelled to relinquish possession upon notice and payment of the amount provided to be paid. Unless a sale had actually been made, which necessarily included a conveyance of the ranch, the lessee might well deny the right of the lessors to cancel his lease and compel him to deliver up the possession of the premises. To say, then, that the covenant could not be exercised after the conveyance by the lessors would be to hold that such an agreement could not be made and that the clause was mere surplusage in the contract.

The event, upon the happening of which the lessors would be entitled to possession, after ninety days' notice, occurred, and they exercised their option by giving the notice and tendering the amount agreed to be paid "during the first year of the lease," $1,000. That they no longer held the title was not material, since by the terms of the agreement that was the time fixed for exercising the option. The title and possession were presumed to pass by the conveyance, and if the grantee failed to acquire the latter by reason of any act or omission of the grantors, the latter would be liable, and the contract was a reasonable and proper one for them to enter into with the lessee in order to protect themselves against the liability

resulting from such a condition. It was a contract to deliver the possession of real property for a valuable consideration agreed upon and could be enforced. By the exercise of the option and the tender of the money the cancellation became complete, leaving only the ninety days after notice in which to deliver possession.

There was no waiver and no laches to defeat the right of the lessors to exercise their option and make good their transfer to their grantee and his successor. The evidence shows that seven months before the defendant could have taken possession under the lease the purchaser of the property informed him that he would want possession of the property and would cancel the lease so that it would never take effect. A month later he again informed him of his intention, and requested him to retain the amount necessary to make good the exercise of the option during the first year of the lease, out of the semi-annual rent then due on the old lease under which defendant then held. At both of these times defendant stated that there would be no trouble about the matter (possession), and they would settle it up in the fall. Thus action on the part of plaintiff in requiring the lessors to exercise their option for plaintiff's benefit was tolled along until December 6, 1906, when a written notice was served, and on December 21, 1906, the $1,000 tendered in accordance with the requirements of the lease.

All this was done prior to the date that it was possible for the lessors to put plaintiff, their grantee, in possession, since the defendant held under a prior lease containing no provision for the surrender of possession upon notice. There was no laches in asserting the right. The lease having been canceled and no right thereunder remaining in the lessee, the plaintiff, being the owner of the legal title and entitled to the possession of the land, was entitled to a decree. The decree entered on the second day of April, 1907, recognized the right of defendant to remain in possession of the premises until March 6th, ninety days after service of the notice required by the lease, and quieted plaintiff's title subject to this right of defendant. A supplemental complaint was, by leave of the court, filed on the nineteenth day of March, and issues as to the rights of the parties, as of that date, were included in the trial of the cause.

There is evidence to sustain the finding attacked, and the decree is supported by the findings. Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 18, 1908.