[Civ. No. 831.   Second Appellate District.—December 19, 1910.]

JOHN AGOURE, Appellant, *v.* J. F. LEWIS, Respondent.

LEASE—BREACH OF COVENANT OF QUIET POSSESSION—DAMAGES TO CROPS BY CATTLE OF RIGHTFUL TENANT—FINDING SHOWING BREACH. Where defendant, as the present owner of land, leased three hundred and fifty acres thereof to plaintiff for twenty-two months from January 1, 1907, which was included in a prior lease from former owners to another tenant of eight thousand acres for herding,

pasturing and raising cattle thereon, whose right of possession con-
tinued until March 6, 1907, and plaintiff brought an action for
damages against his lessor for breach of the implied covenant for
quiet possession for destruction of his crops by such cattle, it is
held that a finding in such action that such cattle, between January
1, 1907, and March 6, 1907, were not in fact herded on said three
hundred and fifty acres, but escaped from their herders and dam-
aged the crops of plaintiff, shows a breach of defendant's implied
covenant for quiet possession.

ID.—CONCLUSION OF LAW AGAINST EVICTION—ERRONEOUS JUDGMENT.—
It is held that a further finding "that the intrusion of the cattle
upon the land so let to plaintiff did not constitute an eviction of him
from the said lands, either by the owner of the cattle or by the
owner of the land, but were acts of simple trespass committed by
said cattle," was the statement of a conclusion of law; and that
the judgment for defendant based upon such conclusion against an
eviction, actual or constructive, was erroneous and must be reversed.

ID.—RIGHTS OF TENANT OF LARGER TRACT—NONLIABILITY FOR DAM-
AGES.—Since the tenant of the larger tract had the right of pos-
session of the whole of plaintiff's leased premises from January 1
to March 6, 1907, he could not be a trespasser upon the lands leased
to plaintiff, nor be subject to any action for damages for trespass
thereon by his cattle or injury to plaintiff's crops. It matters not
whether he herded his cattle on such land or whether they escaped
thereon. He had the right to pasture them thereon, if he had
wished to do so, since he had the right of possession, and had not
consented to the leasing thereof to the plaintiff.

ID.—SOLE REMEDY OF INJURED LESSEE AGAINST LESSOR.—The sole rem-
edy of the injured lessee was against his lessor, under whom he
held the premises, and who could not maintain that the relation
of landlord and tenant did not exist between them; and if he was
entitled to any damages at all, he was compelled to look to his
lessor.

ID.—IMPLIED COVENANT FOR QUIET POSSESSION STATUTORY—NATURE OF
BREACH—ACTUAL OR CONSTRUCTIVE EVICTION—COMPLETE OUSTER
NOT REQUIRED—DISTURBANCE.—The implied covenant for quiet pos-
session is embodied in section 1927 of the Civil Code, and extends
"during the term of the hiring, against all persons lawfully claiming
the same." To constitute a breach of this covenant there must be
an actual or constructive eviction; but no actual ejectment or ouster
of the tenant from the whole premises is required. It is enough
that his possession has been disturbed to his damage by a person
entitled to use or possess the property.

ID.—GUARANTY OF LESSOR AGAINST RIGHTFUL DISTURBANCE—CAUSE OF
ACTION.—The guaranty of the lessor is that he will see that his
tenant is not disturbed by anyone having the right to the posses-
sion; and any interference with the possession of the tenant by any

such person establishes a cause of action in favor of the tenant against the landlord.

ID.—TIME LIMIT OF POSSIBLE DISTURBANCE—JUDGMENT FOR LESSOR IN ACTION TO QUIET TITLE—STAY BOND ON APPEAL.—Though in the judgment in favor of the owner in an action to quiet title against the tenant of the former owners his right was limited to March 6, 1907, yet where he gave a stay bond upon appeal, he remained in rightful possession pending such appeal, and his position toward the plaintiff as tenant of the defendant would be the same pending such appeal as it had been prior to March 6, 1907; and a disturbance of the possession of the plaintiff by the tenant of the former owners, during either of these periods, would be a disturbance by a person "lawfully claiming the same" within the meaning of section 1927 of the Civil Code.

APPEAL from a judgment of the Superior Court of Ventura County, and from an order denying a new trial. Frank R. Willis, Judge presiding.

The facts are stated in the opinion of the court.

Charles F. Blackstock, for Appellant.

I. W. Stewart, and Orestes Orr, for Respondent.

JAMES, J.—Plaintiff brought this action against defendant to recover damages for alleged breach of the implied covenant for quiet possession of a lease of real property. Judgment was in favor of defendant. Separate appeals taken from the judgment, and from an order denying plaintiff's motion for a new trial, are presented together.

On August 29, 1906, defendant Lewis, by a written instrument, leased to plaintiff for a term of twenty-two months, to commence on January 1, 1907, about three hundred and fifty acres of land, the same being part of Rancho Guadalasca in Ventura county. One Pierre Agoure at that time was in possession of the land, it constituting a portion of a tract of eight thousand acres then being used for pasturage and farming by said Pierre Agoure, and of which he had rightful possession under a lease from the owners thereof. Lewis became the owner of the ranch by purchase in February, 1906, so that at the time he executed the lease to plaintiff he held the fee title. The right of possession of Pierre Agoure under his lease

was sought to be terminated by a notice given by Lewis to Pierre Agoure in December, 1906. This notice was given under a term of that lease which permitted the owner, in case of sale, to terminate the leasehold estate by paying to the lessee certain damages which were fixed by the contract. Possession was not yielded by Pierre Agoure pursuant to the notice given to him by Lewis, and the matter became the subject of litigation in an action brought by Lewis against Pierre Agoure to quiet title. It was finally determined that Pierre Agoure was entitled to retain possession of the ranch until March 6, 1907. (*Lewis* v. *Agoure,* 8 Cal. App. 146, [96 Pac. 327].) John Agoure, the plaintiff here, had been a tenant of Pierre Agoure, occupying and using the same land described in the lease given him by Lewis. His lease with Pierre Agoure, however, expired in November, 1906. He continued to remain upon the property and occupy a building which he had theretofore used, but with instructions from Pierre not to farm the land. However, he testified that in pursuance of his lease from Lewis he proceeded, in January, 1907, to plow the land and plant his crops. During the months of January and February of that year a herd of about five hundred cattle were being pastured on the Guadalasca ranch by Pierre Agoure. It was because of damage done to his growing crops by these cattle that plaintiff brought this action. John Agoure, from January 1, 1907, claimed to be a tenant of Lewis under the lease first mentioned, and was admitted by Lewis to occupy that relation to him during the full term of twenty-two months, commencing on January 1, 1907. Lewis collected from him the share of the crops agreed upon to be paid as rental, and recognized him throughout that term as being a tenant subject to the conditions of the lease made between the two men.

A consideration of the question as to whether or not the findings of the trial court sustain the judgment will be sufficient to dispose of all of the material contentions made upon these appeals. In this connection, the finding of the court most important to be considered is that numbered as finding VIII, which is as follows: "That on the first day of January, 1907, and until about the sixth day of March, of said year, said P. Agoure had a large number of cattle on that portion of the Rancho Guadalasca so leased by him, but that said

cattle were not by him kept on the said land so leased to plaintiff herein, but did on various occasions escape from their herders and come upon the lands so leased by plaintiff, trespassing thereupon and damaging the same (but that the intrusion of the cattle upon the land so let to plaintiff did not constitute an eviction of him from said lands either by the said P. Agoure or by the said J. F. Lewis, but were acts of simple trespass committed by the cattle of said P. Agoure)." The parentheses inclosing the latter portion of the finding were inserted by us. That portion of the finding so inclosed was a statement of a conclusion of law, but it indicates that, while the court found that there had been damage suffered by reason of the intrusion of Pierre Agoure's cattle upon the land leased by John Agoure from defendant, the trial judge was of the opinion that such intrusion would not constitute a breach of the covenant for quiet possession, because the tenant was not evicted. If John Agoure suffered damage by reason of having his possession of the leased premises intruded upon, he, of course, would have an action to recover therefor, unless he was himself a trespasser thereon as against both P. Agoure and Lewis. Pierre Agoure had the right to the possession of the land up to the 6th of March, 1907, and he could not become a trespasser thereon; John Agoure could have no action for damages against Pierre in that case, and it matters not whether the cattle came upon the land held by John through mere accident, or whether they were purposely pastured there by or under Pierre's direction. Pierre had a right to pasture them there if he saw fit to do so, because the right of possession of the land was in him and he had never consented to the leasing of the same to John Agoure. As before noted, John Agoure was admittedly holding possession and farming the land under a right claimed to be given him by his lease from Lewis. Lewis could not maintain the position that the relation of landlord and tenant did not exist between him and John Agoure, for he claimed the right to and did receive all of the benefits provided to be received by him under the lease for the full term thereof. Therefore, John Agoure was compelled to look to his lessor if he was to have damages at all. The obligation of a lessor of real property respecting the matter of securing the quiet enjoyment of possession to his tenant is expressed

in section 1927, Civil Code, as follows: "An agreement to let upon hire binds the letter to secure to the hirer the quiet possession of the thing hired during the term of the hiring, against all persons lawfully claiming the same." In order to constitute a breach of this covenant, it is held that there must be an eviction of the tenant, actual or constructive. It is not held, however, that in order to constitute an eviction there must be an actual ejectment or ouster of the tenant from the whole premises. It is enough that his possession has been disturbed to his damage by a person entitled to use or possess the property. The guaranty of the lessor is that he will see that his tenant is not disturbed by anyone having a right to the possession, and any interference with the possession of the tenant by any such person establishes a cause of action in favor of the tenant against the landlord. (*Levitzky* v. *Canning,* 33 Cal. 306; *McAlester* v. *Landers,* 70 Cal. 82, [11 Pac. 505]; *McDowell* v. *Hyman,* 117 Cal. 70, [48 Pac. 984]; *Agar* v. *Winslow,* 123 Cal. 593, [69 Am. St. Rep. 84, 56 Pac. 422]; Jones on Landlord and Tenant, sec. 354; 1 Taylor on Landlord and Tenant, sec. 309.)

Under the finding of the trial court it must be held that there was a breach of the covenant guaranteeing to John Agoure the quiet possession of the lands leased. The finding is that damage was suffered by reason of the intrusion of the cattle prior to March 6, 1907, but the amount thereof is not fixed. It is insisted by respondent that Pierre Agoure could not be considered as lawfully entitled to possession of the property pending the appeal taken by Pierre Agoure on April 21, 1907, in the case of *Lewis* v. *Agoure,* 8 Cal. App. 146, [96 Pac. 327], by which judgment it was determined that Pierre Agoure was entitled to the possession of the lands until the sixth day of March only. It is true that the court finds that there was no damage done by Pierre's cattle to the crops of John Agoure after March 6, 1907, and that such finding, being made upon evidence of a conflicting nature, is conclusive on this appeal. As the case must be remanded for a new trial, however, it is deemed best that our view on the question last suggested should be here stated. A bond in the sum of $12,000 was given by Pierre Agoure upon his appeal being taken in the case of *Lewis* v. *Agoure,* which bond was to indemnify Lewis for the value of the use and

occupation of the property and any waste committed, under the provisions of section 945, Code of Civil Procedure. By the giving of this bond Pierre Agoure was rightfully left in the possession of the lands pending the determination of his appeal, being answerable to Lewis for the value of its use, etc. His position toward the tenant of Lewis would then be the same during the pendency of the appeal as it had been prior to March 6, 1907. A disturbance of the possession of John Agoure by Pierre Agoure during either of these periods would be a disturbance by a person "lawfully claiming the same," within the meaning of section 1927, Civil Code.

The judgment and order are reversed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 17, 1911.