[Civ. No. 2911. Second Appellate District, Division Two.—June 7, 1919.]

## EUGENE L. KLEIN, Appellant, v. FRED R. LEWIS, Respondent.

[1] LANDLORD AND TENANT—PART OF LEASED PREMISES UNUTILIZED—TRESPASS BY LANDLORD.—A trespassing landlord cannot be permitted to apportion his own wrong; nor can it be assumed that because a tenant leaves a part of the leased premises unutilized, it constitutes an implied license to his landlord to build a house on it and come and live with him.

[2] ID.—COVENANT OF QUIET POSSESSION—VIOLATION BY LANDLORD—RIGHT OF TENANT.—When the landlord, in violation of the covenant of quiet possession under the lease, moves in, the tenant is justified in moving out, and suing for damages, if he so elects.

[3] ID.—DEPRIVATION OF USE OF PART OF PREMISES—CONSTRUCTIVE EVICTION FROM WHOLE.—Any act of a permanent character done by the landlord or by his procurement with the intention and effect of depriving the tenant of the enjoyment of the premises demised, or a part thereof, to which he yields, and abandons possession, may be treated as an eviction from the whole.

[4] ID.—INVASION OF RIGHTS OF TENANT—DAMAGES.—Where the landlord during the absence of the tenant, and while the lease has still some three years to run, the tenant still being rightfully in the possession of the whole of the premises and no wise in default, enters upon the demised premises, and, without right and without the consent of the tenant, takes possession of a portion thereof and erects a dwelling-house thereon, there is such an invasion by the landlord of the rights of the tenant under the lease as to constitute a constructive eviction from the entire leased premises, and to justify its abandonment by the lessee and the recovery of all proximate damages resulting from the eviction.

[5] ID.—LACK OF DAMAGE—CONCLUSION OF LAW.—In an action for damages for eviction from leased premises, a finding that plaintiff "has not been damaged in any sum by reason of the entailed expense incident to enforced, or any, removal of plaintiff from said premises" must be construed as a conclusion of law, and an erroneous one, where it is expressly found "that plaintiff necessarily expended about $868 in removing from said premises."

[6] ID.—EXPENSES OF TENANT IN REMOVING FROM PREMISES—DAMAGES.—The expenses necessarily incurred by a tenant in removing from premises upon an eviction may be recovered as damages.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Reversed.

The facts are stated in the opinion of the court.

Frank Bryant and Oliver O. Clark for Appellant.

Nichols, Cooper & Hickson and Bert L. Cooper for Respondent.

SLOANE, J.—This action was brought to recover damages for the eviction of plaintiff from leased premises. Judgment was for plaintiff in the sum of $81 and costs for defendant. Plaintiff appeals on the judgment-roll, contending that under the facts as found by the court he should recover a much larger sum.

The material facts as found by the court are substantially as follows: The plaintiff was in rightful and peaceable possession, under a lease executed by defendant, of

---

4. Right of tenant to treat interference with his possession as an eviction and abandon the premises and recover damages for loss of unexpired term, note, 7 A. L. R. 1103.

lots 1 and 2 of block A of the city of Pomona, together
with an additional strip thirty-five feet in width on the
easterly side of said lots. The lease was for the term of
five years. The plaintiff, upon taking possession under his
lease, expended several thousand dollars in establishing on
the premises his business of manufacturing and selling
crystallized and canned fruits. While the lease had still
some three years to run, and plaintiff still being rightfully
in the possession of the whole of said premises and in no-
wise in default, and during the absence of plaintiff in the
East, defendant, without right and without the consent of
plaintiff, entered upon and took possession of a portion of
the leased premises, consisting of a strip 20 feet in width
and 120 feet in length, along the easterly side thereof, and
erected a dwelling-house and its appurtenances thereon.
Thereafter, on the discovery of said eviction, plaintiff de-
manded that defendant vacate and return to plaintiff the
possession of the portion of said premises so taken by him.
Defendant, however, refused to and never did thereafter
redeliver the portion of the leased premises so wrongfully
taken. The strip of land so appropriated by defendant
included the driveway which was the means of ingress and
egress between the buildings on the leased premises used
by plaintiff in his business and the public street, which
driveway he had graded and graveled at an expense of $81.
After the refusal of defendant to vacate and redeliver pos-
session of this strip of ground, plaintiff elected to abandon
his lease and the entire premises, and brought this action to
recover for constructive eviction from the entire premises,
demanding damages for loss of prospective profits, loss of
a large quantity of orange juice, expenses incident to his
removal from the premises, and for the $81 he had ex-
pended for grading the driveway, aggregating the sum of
$3,538.

The court further found that after the wrongful entry
by defendant and the erection of the dwelling-house and
appurtenances aforesaid, "there remained on the east side
of said dwelling-house and its appurtenances a strip of
land 15 feet in width and 120 feet in length which was
clear and unobstructed for the use of said plaintiff, and
which said plaintiff could have converted into a practicable
driveway by the expenditure of $81"; and "that the acts
41 Cal. App.—30

of defendant in evicting plaintiff from the portion of the leased premises hereinbefore described did not render the said premises wholly unfit and useless to plaintiff for the purposes of said business.'' It does not appear from the record just what proportion of the entire leased premises was included in the strip taken by the defendant, or what its relative value was to plaintiff's business, as compared with the entire premises; but a strip of land 20 by 120 feet in its dimensions, in relation to two ordinary town lots, especially as it included the driveway used in the plaintiff's business, would seem to be of some material importance to the leasehold. The finding of the court that the lessee could construct another driveway on the land remaining to him which was clear and unobstructed, and that his eviction from the strip in question ''did not render the said premises wholly unfit and useless to plaintiff for the purposes of said business,'' does not militate against such conclusion. [1] A trespassing landlord cannot be permitted to ''apportion his own wrong''; nor can it be assumed that because a tenant leaves a part of the leased ground unutilized, it constitutes an implied license to his landlord to build a house on it and come and live with him. [2] When the landlord, in violation of the covenant of quiet possession under the lease, moves in, the tenant surely is justified in moving out, and suing for damages, if he so elects. [3] ''Any act of a permanent character done by the landlord or by his procurement with the intention and effect of depriving the tenant of the enjoyment of the premises demised, or a part thereof, to which he yields, and abandons possession, may be treated as an eviction from the whole.'' (*Royce* v. *Guggenheim,* 106 Mass. 201, [8 Am. Rep. 322]; *Smith* v. *Raleigh,* 3 Camp. 513; Tiffany on Landlord and Tenant, sec. 185.) When the lessor by an illegal act materially disturbs the possession of his tenant, which he should protect and defend, the latter may abandon the premises leased and recover damages. (*Central Business College* v. *Rutherford,* 47 Colo. 277, [19 Ann. Cas. 688, 27 L. R. A. (N. S.) 637, 107 Pac. 279]; *Agoure* v. *Lewis,* 15 Cal. App. 71, [113 Pac. 882]; *Skaggs* v. *Emerson,* 50 Cal. 6; *Osmers* v. *Furey,* 32 Mont. 581, [81 Pac. 345].),

[4] .We are of the opinion, on the facts found, that there was such an invasion by the landlord of the rights of the tenant under the lease as to constitute a constructive eviction from the entire leased premises, and to justify its abandonment by the lessee and the recovery of all proximate damages resulting from an eviction.

The court found for the plaintiff on the question of damages, apparently on the theory of a partial eviction, and allowed the claim for $81, the amount plaintiff had expended on the driveway which was part of the strip of land on which defendant wrongfully entered. Under proper pleadings, evidence and findings in this case plaintiff would be entitled to recover the value of his unexpired lease, not only on the strip from which he was actually evicted, but, upon the constructive eviction, for the entire premises, together with any other loss the natural and proximate result of such eviction. The pleadings are very vague upon most of the allegations of damage, the evidence is not before us, and the court has found that plaintiff was not damaged in any sum whatever by reason of value of the unexpired lease, loss of business or prospective profits, or by reason of loss of the orange juice as alleged in the complaint. On this appeal these findings of fact are not open to attack, and must be held conclusive. The findings of the court relative to the profits derived from plaintiff's business, while he occupied under the lease, gave no indication as to whether his profits were decreased or increased by his change of location.

[5] It is also declared in the findings that plaintiff "has not been damaged in any sum by reason of the entailed expense incident to enforced, or any, removal of plaintiff from said premises"; but, as the court elsewhere expressly finds, "that plaintiff necessarily expended about $868 in removing from said premises as aforesaid," the declaration that the plaintiff was not damaged by the expense so entailed must be construed as a. conclusion of law, and an erroneous one. (*Ions* v. *Harbison,* 112 Cal. 260, [44 Pac. 572] ; *Niles* v. *Edwards,* 90 Cal. 10, 13, [27 Pac. 159, 296].) [6] That the expenses necessarily incurred · by a tenant in removing from premises upon an eviction may be recovered as damages seems to be generally recognized by the authorities. (Sutherland on Damages, sec. 865;

*Jennings* v. *Bond,* 14 Ind. App. 282, [42 N. E. 957]; *McElvaney* v. *Smith,* 76 Ark. 468, [6 Ann. Cas. 458, 88 S. W. 981]; *Griesheimer* v. *Bothman,* 105 Ill. App. 585.)

The judgment is reversed and the cause remanded, with instructions to include in judgment for plaintiff the cost of removal from premises as found on the trial, and his costs of suit.

Finlayson, P. J., and Thomas, J., concurred.