BROADWAY–JOHN STREET CORPORATION, Landlord, Respondent, *v.* HUYLER'S, Tenant, Appellant, VACUUM CLEANER SPECIALTY Co., INC., Tenant.

(Supreme Court, Appellate Term, First Department, June, 1921.)

Landlord and tenant—purchaser of property from landlord cannot, before taking title, take advantage of a cancellation clause in the lease — summary proceedings.

A six months' notice to a tenant to remove from the premises by one not having title thereto does not operate to cancel the lease or require the tenant to quit the premises.

A lease provided that if within five years from May 1, 1906, the tenant did not exercise his privilege under the lease to tear down the building and erect a new one in its place, the landlord should have the right to cancel the lease upon giving a six months' written notice effective at the expiration of the term and upon payment of a certain sum of money. Neither of the parties took any action under the lease. *Held*, that a six months' written notice to quit given to the tenant by the land-

Appellate Term, First Department, June, 1921. [Vol. 115.

lord's grantee of the premises, prior to taking title, in its own name, was insufficient, and a final order in a summary proceeding awarding said grantee possession of the premises will be reversed on the ground of failure to give the notice required by law.

Appeal from a final order of the Municipal Court of the city of New York, borough of Manhattan, ninth district, awarding plaintiff possession of certain premises in the borough of Manhattan.

Roger Hinds (Edward F. Clark, of counsel), for appellant.

Alfred J. Wolff, for respondent.

Delehanty, J. The tenant herein occupied certain premises at 133 West Forty-second street in the city of New York under a lease which provided that within five years from the 1st day of May, 1906, it should have the privilege to tear down the building on the premises and erect a new one in its place, but if it did not exercise the privilege, within the time specified, the landlord shall thereafter have the right upon giving six months' notice in writing, and upon payment of $10,000 to cancel the lease for the purpose of erecting said building on the premises.

Upon the trial it appeared that both parties to the lease failed to take any action under the foregoing provisions. It did appear, however, that the landlord entered into a contract for the sale of the premises, and that the purchaser thereof, the plaintiff herein, on October 29, 1919, prior to taking title, gave written notice in its own name to the defendant to remove at the end of six months, effective May 1, 1920. The court below has held that this notice was sufficient, and has granted the final order applied for. Such order, however, cannot be sustained.

When plaintiff gave notice to remove it had not yet taken title to the premises, and under the law of this state, such notice did not operate to cancel the lease or require the tenant to quit the premises. In a similar situation the Court of Appeals in the case of *Reeder* v. *Sayre,* 70 N. Y. 180, said: "And now comes the query, whether Sayre, being only the vendee by contract, and not having yet a legal title to the land, could give a notice to quit which would operate to affect the rights of the Reeders (the lessees) \* \* \* Sayre (lessor's vendee) did give notice to quit, sufficient in form and substance, if he had a right to give that notice. But he was not, until after the day last named, the owner of the legal title. Before that he had but an equitable title, which might or might not become a legal title. \* \* \* The tenant is to act upon the notice at the time it is given; hence it ought to be such a one as he can act upon with safety. \* \* \* The equitable owner of the title cannot give such a notice."

Other authorities to the same effect are *Scheele* v. *Waldman,* 136 App. Div. 679; *Stoddard* v. *Winter Realties, Inc.,* 179 N. Y. Supp. 741, 743; *Griffin* v. *Barton,* 22 Misc. 228; 2 Tiffany Landl. & Ten. § 198, p. 1438.

There are other points raised by counsel for consideration herein, but in the view that we take of this matter, it is unnecessary to discuss them. We prefer to rest our decision herein upon the failure to give the notice required by law.

Order reversed, with thirty dollars costs, and petition dismissed, with costs.

FINCH, J., taking no part; BIJUR, J., concurs.

Order reversed, with thirty dollars costs.