[L. A. No. 8292. In Bank.—July 31, 1928.]

GEORGE LaFRANCE, Appellant, v. G. S. KASHISHIAN et al., Respondents.

Clock, McWhinney & Clock, McWhinney & Clock for Appellant.

Denio & Hart, Denio, Hart, Traubman & Simpson for Respondents.

Garret W. McEnerney, *Amicus Curiae.*

RICHARDS, J.—This is an appeal by the plaintiff from a judgment against him in an action in which he sought damages for breach of an alleged implied warranty of title and of quiet enjoyment, made by his lessors, the defendants herein.

Plaintiff leased from defendants a certain piece of real property, for a term of ten years, at a stated consideration of $25 per month for the first seven years of the term and $35 per month for the remaining three years thereof. Approximately two years and ten months after the execution of the lease plaintiff was evicted from the leased premises by one who had established paramount title to the property; and thereupon, on account of damages ensuing from such eviction, plaintiff commenced an action against defendants which resulted in a judgment for defendants.

On the trial of the action it was shown that defendants' claim of title to the leased property was by virtue of a tax title only, which fact was known to each of the parties to the lease prior to its execution, and that the defense interposed by defendants to the action in effect was that before the lease was signed by the parties thereto a contemporaneous oral agreement was entered into between them, in substance, that in consideration of the low rental to be paid for the use of the property as specified in the lease, plaintiff would take the risk of paramount title being established in another person. The introduction of all evidence

tending to show such oral negotiations between the parties, not included within the terms of the lease, was allowed over plaintiff's objection, and it is upon such claimed error of the court that appellant bases his argument for reversal of the judgment.

As is substantially declared in section 1625 of the Civil Code and section 1856 of the Code of Civil Procedure, the general rule is that where a contract between parties thereto has been reduced to writing, no evidence of terms of the agreement other than as contained within the contract as thus expressed may be received.

The lease in question contained no express warranty of title in the lessor. The law, however, seems to be well established that a lease which is silent as to guaranty of ownership of the leased premises by the lessor, nevertheless carries an implied warranty of the title in him, and consequent quiet possession in the lessee during the term specified in the lease. (Sec. 1927, Civ. Code; *McDowell* v. *Hyman,* 117 Cal. 67, 70, 71 [48 Pac. 384]; *Agoure* v. *Lewis,* 15 Cal. App. 71, 75, 76 [113 Pac. 882]; 1 Tiffany on Landlord and Tenant, pp. 518, 540; 24 Cyc. 1057.) Coupled with such principle of law, it is contended by respondent, as set forth in several authorities, that an implied covenant of warranty may be rebutted by parol evidence. (See *Miller* v. *Van Tassel,* 24 Cal. 458, 465; *Johnson* v. *Powers,* 65 Cal. 179 [3 Pac. 625]; 22 Cor. Jur. 1097, 1261.) But the weight of authority, especially as bearing upon a matter such as is here presented, is to the effect that an implied stipulation in a contract is of as great force as though it were fully set forth therein, and such implied stipulation may no more be contradicted or varied by parol evidence than may be that which is clearly expressed.

In the case of *Standard Box Co.* v. *Mutual Biscuit Co.,* 10 Cal. App. 746, 750 [103 Pac. 938], among other things, the following appears as the language of the court: "It is a well settled principle that that which is implied by law becomes as much a part of the contract as that which is therein written, and if the contract is clear and complete when aided by that which is imported into it by legal implication, it cannot be contradicted by parol in respect of that which is implied any more than in respect of that which is written."

Also, in *Peterson* v. *Chaix*, 5 Cal. App. 525, 527 [90 Pac. 948, 954], it is said: "There is another principle to be observed, namely, that whatever the law implies from a contract in writing is as much a part of the contract as that which is therein expressed; and to the extent that the contract, with that which the law implies, is clear, definite and complete, it cannot be added to, varied or contradicted by extrinsic evidence . . . "

To the same effect is *California D. & M. Co.* v. *Crowder*, 58 Cal. App. 529, 531, 533 [209 Pac. 68].

Supported by a long list of authorities, the rule is stated in 17 Cyc., page 570, as follows: "The legal effect of a written instrument, even though not apparent from the terms of the instrument itself, but left to be implied by law, can no more be contradicted, explained or controlled by parol or extrinsic evidence than if such effect had been expressed . . . "

We are, therefore, of the opinion that, so far as the questioned evidence had the effect of varying or contradicting the implied warranty of title of defendants in the leased premises, the contention of appellant should be sustained.

As to the other questions involved in this appeal, these have all been considered and determined by this court in the case of *Standard Livestock Co.* v. *Pentz, ante*, p. 618 [269 Pac. 645].

For the foregoing reasons and upon the authority of the above-named decision the judgment herein is reversed.

Shenk, J., Curtis, J., Seawell, J., Langdon, J., and Waste, C. J., concurred.