[Civ. No. 12801.   Second Dist., Div. Three.   Mar. 31, 1942.]

F. C. BLACKMAN et al., Respondents, v. DALTON'S AUTO AND FURNITURE LOANS, LTD. (a Corporation) et al., Defendants; DALTON'S (a Corporation), Appellant.

Cannon & Callister and Reed E. Callister for Appellant.

W. Ward Johnson for Respondents.

WOOD (Parker), J.—The complaint for rent under a written lease was filed in the municipal court. A cross-complaint for $2,500 damages was filed also in the municipal court, and the action was transferred to the superior court. Trial was without a jury and judgment was for plaintiffs Blackman and Brandenstein upon the complaint against Dalton's, a corporation. There is no provision in the judgment as to the cross-complaint, however, the conclusions of law state that the cross-complainant is not entitled to recover. The appeal is by defendant Dalton's from the judgment.

The complaint alleged that plaintiffs and defendants entered into a written lease for a period of one year to commence on March 29, 1939. In answer to the complaint defendant Dalton's, a corporation, denied that it entered into a lease with plaintiffs.

At the trial it was stipulated that the lease sued upon was signed by duly qualified agents of defendant Dalton's, a corporation, and that no rent had been paid and that the lease had been signed by F. C. Blackman and Fannie Brandenstein. It is stated in the first paragraph of the lease that the lease is between F. C. Blackman Trust No. 1896, Western Trust and Savings Bank, known as lessors, and Dalton's Auto and Furniture Loans, Ltd., known as lessees. At the end of the lease it is signed "Fabe C. Blackman    Fannie Brandenstein Lessors" and "Dalton's    W. C. Fonda Pres.    R. A. Bashep Sect.    Lessees." Plaintiffs offered the lease in evi-

dence. Defendant objected to the offer on the ground that said lease purported to be a lease between F. C. Blackman Trust No. 1896, Western Trust and Savings Bank of Long Beach, as lessors; and the lease had not been executed by the parties named in the lease and had no bearing on the issues; and that said lease lacked mutuality; and that there was no showing that F. C. Blackman and Fannie Brandenstein were authorized to sign the lease for the trust or the bank.

Before the court ruled upon the objection a declaration of trust, known as the F. C. Blackman Trust No. 1896, and the amendments thereto were offered in evidence by defendant and received. That declaration of trust, executed in 1936, and the amendments thereto show that the beneficiaries and their interest at the time of the making of the lease were: Fannie Brandenstein, one-half; and F. C. Blackman and La Fern L. Blackman, his wife, one-half; and that the trustee was Western Trust and Savings Bank, a corporation; and that the property involved herein was a part of the trust property and was conveyed to the trustee by ''deed absolute in form'' prior to the making of the lease; and that the trustors reserved to themselves the right to full and undisturbed possession of the whole of the trust estate without any rental or accounting to the trustee; and that the trustee agreed to lease the property upon the written order of the trustors. The court then overruled the objection which had been made by defendant to plaintiffs' offer of the lease in evidence and received the lease in evidence.

The keys to the building were turned over to the defendants and were not returned. Soon after the delivery of the keys the defendant placed various billboards and signs on the outside of the building and they remained there for four or five weeks.

█ The court properly overruled defendant's objection to the offer of the lease in evidence. There was no material variance between the allegations of the complaint and the proof. It was alleged that ''plaintiffs'' entered into a lease. The lease offered in evidence was signed by two of the four plaintiffs. The two who signed were two of the three beneficiaries under the trust, referred to as a plaintiff. It does not appear that the ''trust'' is an entity or has capacity to sue. The bank was the trustee subject to the reservations above mentioned. Although it is stated in the first paragraph of the lease that the ''trust'' and the bank are lessors, the lease was signed by

the two plaintiffs Blackman and Brandenstein, as lessors. It will be noted that the name of the lessee as stated in the body of the lease, to wit: "Dalton's Auto and Furniture Loans, Ltd.", is also different from the name of the lessee as signed at the end of the lease, to wit: "Dalton's." The defendant is charged with knowledge that the lease was not signed by the "trust" and the bank, as lessors, but was signed by the two individual plaintiffs, as lessors. Defendant, therefore, was not misled or taken by surprise as to what lease was referred to in the allegations of the complaint.

█ Defendant signed the lease, as lessee, using a name different from the name appearing as lessee in the body of the lease, and accepted the lease as signed by plaintiffs Blackman and Brandenstein, as lessors, even though it appeared from the body of the lease that there was a trust known as the "F. C. Blackman Trust No. 1896" and that the "trust" and the Western Trust and Savings Bank were the lessors; and entered into possession of the property. Defendant accepted the keys and has not returned them, and placed signs upon the building and the signs remained there four or five weeks, and the defendant was not disturbed in its possession of the premises. The lease was treated by the parties who signed it as a fully executed instrument at the time possession of the premises was delivered and accepted. The defendant, having gone into possession under these circumstances and its possession not having been disturbed, is not permitted in this action for rent to deny the title of those who signed the lease as lessors. (*Lataillade* v. *Santa Barbara Gas Co.*, (1881) 58 Cal. 4, 5; *Reynolds* v. *Lewis*, (1881) 59 Cal. 20, 21; *San Juan Gold Co.* v. *San Juan Ridge, etc. Association*, (1939) 34 Cal. App. (2d) 159, 167 [93 P. (2d) 582].)

A concise statement of the principles applicable here is in *Connolly* v. *Kilcourse*, (1934) 285 Mass. 398 [189 N. E. 199], as follows: "A tenant in undisturbed possession under a lease cannot question his lessor's title. . . . He has agreed to pay for use of the premises and he is liable on his covenant so long as he has the use. It is immaterial whether or not the landlord has a good title.

"We need not consider questions of title even if they have been argued, and although the parties tried the case upon these immaterial issues. The only defence possible for the defendant is eviction by superior title, and he has not been evicted, nor has he so pleaded."

**18**

■ ■ Defendant asserts that the lease is invalid because it lacks mutuality. It is not clear whether the reference is to mutuality of remedy or mutuality of obligation. Mutuality of remedy is a rule of equity, and therefore, does not apply in this action for rent. There is mutuality of obligation, the plaintiffs Blackman and Brandenstein being liable to defendant on the implied covenant of quiet enjoyment (*LaFrance v. Kashishian,* (1928) 204 Cal. 643 [269 Pac. 655]), and the defendant being obligated on his covenant to pay rent.

The judgment is affirmed.

Schauer, P. J., and Shinn, J., concurred.